Littleton, Judge,
delivered the opinion of the court:
Each of the fines involved in this case was imposed by the Secretary of Labor as a result of the certificates of the examining U. S. Public Health surgeons that the aliens were *76 afflicted with tuberculosis and that this condition might, have been detected at the foreign port of emigration by competent medical examination. Examinations were had by the Board of Special Inquiry and the records of the proceedings before this board were also before the Secretary, all of which he considered in connection with plaintiff’s protests or appeals set forth in the findings. Section 9 of the Immigration Act of 1917 as amended by section 26 of the Act of 1924, U. S. Code, title 8, section 145, makes it unlawful for any person or company to bring to the United States either from a foreign country or any insular possession of the United States any alien afflicted with tuberculosis in any form and provides that “if it shall appear to the satisfaction of the Secretary of Labor that any alien so brought to the United States was afflicted with any of the said diseases or disabilities at the time of foreign embarkation, and that the existence of such disease or disability might have been detected by means of a competent medical examination at such time, such person or transportation company * * * shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000, and in addition a sum equal to that paid by such alien for his transportation from the initial point of departure, indicated in his ticket, to the port of arrival, for each and every violation of the provisions of this section, such latter sum to be delivered by the collector of customs to the alien on whose account assessed.” Section 16 of the Act of 1917, U. S. Code, title 8, section 154, provides that “The physical and mental examination of all arriving aliens shall be made by medical officers of the United States Public Health Service * * * who shall conduct all medical examinations and shall certify, for the information of the immigration officers and the boards of special inquiry hereinafter provided for, any and all physical and mental defects or diseases observed by said medical officers in any such alien.”
The controlling question is whether the decisions of the Secretary of Labor imposing the fines were arbitrary and unfair. We think they were not in the light of the record before him. Plaintiff relies upon the case of Lloyd Sobaudo Societa Anonima Per Aziono v. Elting, 287 U. S. 329. We *77 think that case, so far as it relates to the alien Fusco, which is the portion of the opinion upon which plaintiff relies, is distinguishable on the facts and is, therefore, not controlling here. It involved thirteen fines imposed by the Secretary under section 9 of. the Act of 1917 and under that section as amended by the Act of 1924 for bringing to this country diseased aliens or aliens suffering from physical defects which might affect their ability to earn a living. In all of those cases protests .were filed by the carrier and fines were imposed under a procedure in all respects similar to that followed in the case at bar. All of the fines imposed were sustained except that as to the alien Fusco, who was found to be afflicted with tuberculosis. Two of the twelve fines sustained by the court upon the record before the Secretary had been imposed by that official in cases where the aliens had been examined abroad but were found upon arrival in the United States to be afflicted with tuberculosis. But the case of Fusco was reversed on the peculiar facts disclosed which consisted of, first, the certificate of the examining physicians and surgeons at the port of .embarkation; second, an affidavit of one of the examining surgeons setting forth the details as to the nature, extent, and character of the medical examination made and giving reasons why, in the opinion of such surgeon, the disease was not then discovered and why it might have been detected upon arrival in the United States when it was not detectable by a competent medical examination at the time of embarkation; third, the written protest of the steamship company; and, fourth, the certificate of the U. S. Public Health surgeons to the effect that upon arrival Fusco was “found to be afflicted with tuberculosis, pulmonary, chronic, which is not easily curable” and that, in their opinion, the condition certified to “might have been detected by competent medical examination at the foreign port of embarkation.” It should be noted that in the case of Fusco the U. S. physicians did not find that the disease was active or far advanced as they did in the cases of Larsson and Anderson.
In the case at bar, neither the Secretary of Labor nor this court has such a record. On the contrary, plaintiff simply submitted with its protests unsworn certificates of *78 the two physicians who had examined Larsson and the certificate of the physician who had examined Anderson. These certificates stated merely that these aliens had been examined and that such examinations did not indicate a disease of the lungs. No facts as to the nature or the extent of the examinations were presented. In the case of Larsson the certificate disclosed that at the time of examination he was coughing blood and that blood was coming from his nose, and that, in addition, this alien at the time of the examination at port of embarkation had a slight temperature. The certificate in the case of Anderson simply stated that he was examined on July 23, 1926, and that “no symptoms of tuberculosis could then be found.” Unlike the certificate in the case of Fusco in Lloyd Sabaulo Societa Per Aziono v. Elting, supra, the certificate of the U. S. Public Health surgeons in the case at bar set forth in the case of Larsson that he was afflicted with “tuberculosis, pulmonary, chronic, active, which is not easily curable” and in the case of Anderson that he was afflicted with “tuberculosis, pulmonary, chronic, far advanced, which is not easily curable.” There is no claim or showing in this case that the disease with which the aliens were found to be afflicted was not active and far advanced upon their arrival in the United States and there is no evidence attending to show that such disease might have become active or far advanced during the period of less than a month after the first examinations and on a voyage lasting about ten days.
The record discloses that the Secretary of Labor considered the protests and the certificates submitted therewith by plaintiff and gave his reasons for the conclusions that the fines should be imposed in the light of the facts disclosed in the medical certificates of the U. S. Public Health surgeons and the record of the proceeding before the board of inquiry. There was before the Secretary sufficient evidence to support his decision. The certificates which plaintiff filed with the Secretary in connection with its protests contained no facts which might reasonably have been expected would affect the findings of the physicians at Ellis Island. The Secretary had more detailed information with respect to the examinations at Ellis Island than he had with. *79 respect to the examinations at the port oí embarkation, and it was not and is not denied by plaintiff that the aliens were, upon arrival, afflicted with tuberculosis, active and far advanced. In such circumstances we think that his failure to submit the certificates of the examining physicians at the port of embarkation to the TJ. S. Public Health surgeons did not render his decisions arbitrary and unfair.
In view of our conclusion that plaintiff is not entitled to recover, it is unnecessary to discuss the claim of the defendant that the fines were voluntarily paid and may not, therefore, be recovered.
The petition is dismissed. It is so ordered.
Whalet, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.